FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 OCT 30 AM 10: 27

CLERK US DISTRICT COURT
MIDDLE DIST. OF FLORIDA
JACKSONVILLE, FLORIDA

WEBSTER E. CROWELL, III

    Plaintiff

v.

    Case No.

    3:09-cv-1073-J-20 JRK

NATIONS RECOVERY CENTER, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

WEBSTER E. CROWELL, III ("Crowell") sues NATIONS RECOVERY CENTER, INC. ("Nations"), and states:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Crowell, an individual consumer, against Defendant Nations for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter referred to as "FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.* (hereafter referred to as "FCCPA"), which, among other things, prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### II. PARTIES

2. Crowell is a natural person residing at 10218 Earl Rd., Jacksonville, Duval County, Florida. At all times material, Crowell has resided in Jacksonville, Duval County, Florida.

3. Nations is a Debt Collector as defined by the FDCPA and is registered with the Florida Office of Financial Regulation as a debt collector. Its principal place of business is

located at 6491 Peachtree Ind. Blvd., Atlanta, GA 30360. Nations' principal business is the collection of third party debts.

4. Nations is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a (6).

### III. JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this district is proper in that Nations is a Florida resident and transacts business in Jacksonville, Duval County, Florida.

### IV. FACTUAL ALLEGATIONS

6. On June 3, 2009 (the "Petition Date"), Crowell filed a petition for relief under Title 11 Chapter 7 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in Case # 3:09-bk-04507-PMG. A Copy of the redacted § 341 Notice is attached as Exhibit 1.

7. Mr. Crowell filed his Bankruptcy Case in an effort to obtain, among other relief contemplated by the Bankruptcy Code, i) protection under 11 U.S.C. § 362 to prevent harassing debt collectors from contacting them in collection efforts; ii) from the Bankruptcy Court an order of discharge pursuant 11 U.S.C.§ 727; and iii) a financial "fresh start".

8. As required by the Bankruptcy Code, Crowell filed his schedules, lists and statements in his Bankruptcy Case. Included in the Schedule F of unsecured creditors was Applied Bank with a balance of $1,661.00. The creditor and address were pulled from the latest credit report available just prior to filing the Bankruptcy Case. A copy of the relevant page from

Crowell's Schedule F is attached as Exhibit 2.

9. On July 17, 2009, the U.S. Trustee convened and concluded the section 341 meeting of creditors ("Meeting of Creditors"). Neither Applied Bank nor Nations appeared at the Meeting of Creditors.

10. Applied Bank received notice of the Bankruptcy Case and the meeting of creditors.

11. On September 22, 2009, the Bankruptcy Court entered an order of discharge in the Bankruptcy Case pursuant to section 727 of the Bankruptcy Code, which discharged Crowell from his obligations to pay, among other debts, the Applied Bank debt listed on Schedule F. A copy of the order of discharge is attached as Exhibit 3.

12. Despite the order of discharge entered in the Bankruptcy Case and the provisions of the FDCPA and FCCPA, Applied Bank referred and/or sold the account to Nations for collection after the entry of the discharge.

13. Nations mailed a demand for payment to Crowell for collection of the Applied Bank pre-petition debt which had been listed on Schedule F of Crowell's Bankruptcy Schedules on October 8, 2009. A copy of the demand for payment letter is attached as Exhibit 4.

14. Nations failed to use reasonable steps for collection of accounts prior to mailing the collection letter to Crowell. Such steps would include, at a minimum, a BANKO or AACER search for bankruptcy activity related to the account and/or Mr. Crowell.

## V. CLAIMS FOR RELIEF
## COUNT I -- FDCPA VIOLATIONS

15. Crowell realleges paragraphs (1) one through (14) fourteen above.

16. Nations violated the FDCPA. Nations' violations include, but are not limited to, the following:

i) Nations contacted Crowell directly when Nations knew that Crowell all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating 15 U.S.C.§1692c (a)(2).

ii) Nations violated 15 U.S.C. § 1692e (2) by falsely representing the character amount and legal status of the debt.

17. Nations violated the provisions of the FDCPA, and is liable to Crowell for actual damages, statutory damages, and reimbursement attorney's fees and costs associated with filing this action.

## COUNT II – FCCPA VIOLATIONS

18. Crowell realleges paragraphs one through fourteen (14) above.

19. Nations has violated the FCCPA. Nations' violations include, but are not limited to:

i) Nations contacted Crowell directly when Nations knew the Crowell all the while was represented by an attorney in connection with the debt and such attorney was readily accessible, thereby violating§559.72(18) of the FCCPA.

ii) Nations violated§559.72(9) by attempting to collect a debt that was known not to be owed by virtue of the order of the Bankruptcy Court discharging Crowell from the debt Nations sought to collect.

20. Pursuant to Florida Statute, § 559.77, Nations is liable to Crowell for actual damages, statutory damages, and reimbursement attorneys' fees and costs associated with filing and prosecuting this action.

WHEREFORE, Crowell respectfully prays for i) declaratory judgment in his favor finding Nations violated the above stated provisions of the FDCPA and the FCCPA; ii) judgment in favor of Crowell awarding actual and statutory damages; iii) an award equal to any and all

attorney's fees and costs associated with bringing this action; and iv) any and all other relief that the Court deems necessary and just.

Crowell demands a jury trial on all issues so triable.

DATED this 29 day of October, 2009.

>Law Offices of Mickler & Mickler
>
>By: _____
>Bryan K. Mickler
>Florida Bar No. 091790
>5452 Arlington Expressway
>Jacksonville, FL 32211
>(904) 725-0822
>(904) 725-0855 FAX
>bkmickler@planlaw.com
>*Lead Trial Counsel/Attorneys for the Plaintiff*

# EXHIBIT 1

FORM B9A (Chapter 7 Individual or Joint Debtor No Asset Case) (12/07)     Case Number 3:09-bk-04507-PMG

## UNITED STATES BANKRUPTCY COURT
### Middle District of Florida

# Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A chapter 7 bankruptcy case concerning the debtor(s) listed below was filed on June 3, 2009.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

### See Reverse Side For Important Explanations

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Webster E Crowell III
aka William Edward Crowell III
10218 Earl Road
Jacksonville, FL 32246

| Case Number: | Social Security/Taxpayer ID/Employer ID/Other Nos.: |
|---|---|
| 3:09-bk-04507-PMG | xxx-xx-8561 |

| Attorney for Debtor(s) (name and address): | Bankruptcy Trustee (name and address): |
|---|---|
| Albert H. Mickler | Doreen Abbott |
| 5452 Arlington Expressway | P.O. Box 56257 |
| Jacksonville, FL 32211 | Jacksonville, FL 32241-6257 |
| Telephone number: 904-725-0822 | Telephone number: 904-886-9459 |

### Meeting of Creditors
Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting.
You are reminded that Local Rule 5073-1 restricts the entry of cellular telephones into the Courthouse.

Date: July 17, 2009      Time: 03:30 PM
Location: FIRST FLOOR, 300 North Hogan St. Suite 1-200, Jacksonville, FL 32202

### Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*

The presumption of abuse does not arise.

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts:**
**September 15, 2009**

### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

### Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

### Creditor with a Foreign Address
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| Address of the Bankruptcy Clerk's Office: | For the Court: |
|---|---|
| 300 North Hogan Street Suite 3-350 | Clerk of the Bankruptcy Court: |
| Jacksonville, FL 32202 | Lee Ann Bennett |
| Telephone number: 904-301-6490 | |
| Hours Open: Monday - Friday 8:30 AM - 4:00 PM | Date: June 4, 2009 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

# EXHIBIT 2

B6F (Official Form 6F) (12/07)

In re __Webster E Crowell, III_____,  Case No. __3:09-bk-04507__
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H/W/J/C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 422709302862<br><br>Applied Bnk<br>4700 Exchange Cour<br>Boca Raton, FL 33431 | - | | Opened 4/23/07  Last Active 8/12/08<br>CreditCard | | | | 1,661.00 |
| Account No. 4536<br><br>Bank Of America<br>Po Box 1598<br>Norfolk, VA 23501 | - | | Opened 12/01/04  Last Active 8/01/08<br>CreditCard | | | | Unknown |
| Account No. 4888 9310 2604 0928<br><br>Bank of America<br>P.O. Box 15026<br>Wilmington, DE 19886-5713 | - | | Credit card purchases | | | | 3,928.00 |
| Account No. 5140 2179 9881 4388<br><br>Barclaysbk<br>100 S. West Street<br>Wilmington, DE 19801 | - | | Opened 12/01/05  Last Active 10/01/08<br>Credit card purchases | | | | 1,091.00 |
| __7__ continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | 6,680.00 |

**EXHIBIT 3**

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

## Middle District of Florida

Case No. 3:09-bk-04507-PMG

Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Webster E Crowell III
aka Webster Edward Crowell III
10218 Earl Road
Jacksonville, FL 32246

Social Security No.:
xxx-xx-8561

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: September 22, 2009

Paul M. Glenn
Chief United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are *not* discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**EXHIBIT 4**

PO Box 620130
Atlanta, GA 30362
RETURN SERVICE REQUESTED

**NRC Nations Recovery Center, Inc.**
6491 Peachtree Industrial Blvd.
Atlanta, GA 30360
(770) 234-0101
(800) 935-1139

October 08, 2009

APPLIED BANK
Balance: $1,661.24
Account #: 4227093028626939

NRCI/4227093028626939 1822654/151    276007099480    434/0000433/0004

Webster E Crowell III
10218 Earl Rd
Jacksonville, FL 32246-2249

2368

Nations Recovery Center, Inc.
PO Box 620130
Atlanta, GA 30362-2130

---
*** Please detach and return in the enclosed envelope with your payment ***

151

APPLIED BANK
Balance:   $1,661.24
Account #:   4227093028626939

Dear Webster E Crowell III,

APPLIED BANK has placed your account with our collection service to help resolve your outstanding account. We understand that past circumstances have prevented you from clearing this matter. It is our sincere hope that we will be able to work together toward a beneficial agreement.

In an effort to resolve this matter we were granted authorization to offer you a substantial reduction in the amount currently owed to APPLIED BANK for a limited time. All you need to do in order to take advantage of this offer is to call us toll free at **(800) 935-1139** and speak to one of our account representatives. They will be able to calculate your savings and help you with any questions you may have.

Even if you are unsure what you can afford, please give us a call. We may be able to help you in many ways including possible sources of funds. We are sincerely here to help.

Finally, please read the following required notice and should it apply to you, please disregard the above time deadlines.

Unless you, within thirty (30) days after receipt of this notice dispute the validity of the debt, or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing within the above referenced thirty day period that the debt, or any portion thereof, is disputed we will obtain verification of the debt or a copy of the said verification or judgment will be mailed to you by us. Upon written request within the above referenced thirty day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector.

You can pay 24/7 at www.PayNRC.com.

Sincerely,

John Taylor
Nations Recovery Center, Inc.